UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RUBEN ROJO MORENO, Individually, and )
as Father and Next Friend of his son, R.R., )
a minor; and EMILY PACHECO, )
)
Plaintiffs, )
)
v. ) No. 4:25-cv-00723-RHH
)
UNITED STATES OF AMERICA, )
)
Defendants. )

## DEFENDANT UNITED STATES' ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, the United States of America, files its Answer to Plaintiffs' Complaint (ECF No. 1) and states as follows:

### INTRODUCTION

1. Defendant admits that there was a motor vehicle accident on April 21, 2022 but lacks knowledge or sufficient information to admit or deny the remaining allegations in this Paragraph. To the extent that a response is required, Defendant denies.

2. This Paragraph constitutes statements of law and Plaintiffs' theory of the case to which no response is required. To the extent that a response is required, Defendant admits that the United States is the only properly named party to an action under the Federal Tort Claims Act (FTCA). Defendant denies the d/b/a designation of the United States Postal Service as the United States Postal Service is an independent establishment of the United States government. Defendant denies the alleged negligence.

## JURISDICTION AND VENUE

3. This Paragraph constitutes statements of law and Plaintiffs' theory of the case to which no response is required. To the extent that a response is required, Defendant admits that the United States is the only properly named party to an action under the FTCA. Defendant denies the d/b/a designation of the United States Postal Service as the United States Postal Service is an independent establishment of the United States government. Defendant denies the alleged negligence.

4. Admit.

5. Defendant admits that Plaintiffs submitted their administrative claims to the United States Postal Service but denies that the administrative claims were submitted on October 31, 2022. Defendant instead clarifies that the United States Postal Service received Plaintiffs' administrative claims on October 21, 2022.

6. Defendant states that it is not asserting Plaintiffs' claims were untimely filed but states the remaining allegations in this Paragraph do not make sense as claims are filed with the appropriate agency and not the court.

7. Admit.

8. Admit.

## PARTIES

9. Defendant lacks knowledge or sufficient information to admit or deny the allegations in this Paragraph. To the extent that a response is required, Defendant denies.

10. This Paragraph constitutes statements of law and Plaintiffs' theory of the case to which no response is required. To the extent that a response is required, Defendant admits that the United States is the only properly named party to an action under the FTCA. Defendant denies the d/b/a designation of the United States Postal Service as the United States Postal Service is an independent establishment of the United States government.

## COUNT I – NEGLIGENCE
### RUBEN MORENO V. UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE

11. Defendant reincorporates its answers to Paragraphs 1 through 10 as if fully set forth herein.

12. Admit.

13. Defendant only admits that there was a motor vehicle accident at the time and place alleged in Paragraph 12. However, as to the remaining allegations in this Paragraph, Defendant denies.

14. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies this Paragraph and its subparts at 14(a) through 14(e).

15. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies.

16. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies. The unnumbered paragraph following Paragraph 16 constitutes Plaintiff's Prayer for Relief to which no response is required. To an extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT II – NEGLIGENCE
### RUBEN MORENO AS FATHER AND NEXT FRIEND OF R.R., A MINOR V. UNITED STATES OF AMERICA D/B/A UNITED STATES POST SERVICE

17. Defendant reincorporates its answers to Paragraphs 1 through 10 as if fully set forth herein.

18. Admit.

19. Defendant only admits that there was a motor vehicle accident at the time and place alleged in Paragraph 18. However, as to the remaining allegations in this Paragraph, Defendant denies.

20. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies this Paragraph and its subparts at 20(a) through 20(e).

21. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies.

22. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies. The unnumbered paragraph following Paragraph 22 constitutes Plaintiff's Prayer for Relief to which no response is required. To an extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT III-NEGLIGENCE
### EMILY PACHECO V. UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE

23. Defendant reincorporates its answers to Paragraphs 1 through 10 as if fully set forth herein.

24. Admit.

25. Defendant only admits that there was a motor vehicle accident at the time and place alleged in Paragraph 24. However, as to the remaining allegations in this Paragraph, Defendant denies.

26. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies this Paragraph and its subparts at 26(a) through 26(e).

27. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies.

28. This Paragraph constitutes Plaintiffs' theory of the case and/or statements of law to which no response is required. To the extent that a response is required, Defendant denies. The unnumbered paragraph following Paragraph 28 constitutes Plaintiff's Prayer for Relief to which no

response is required. To an extent that a response is required, Defendant denies that Plaintiff is entitled to any relief.

***

Any allegations neither admitted nor denied are hereby denied. Further, Defendant asserts that it has, or may have, additional affirmative defenses which are not known to it at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

### **AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to mitigate Plaintiffs' damages.

2. Plaintiffs' claims are subject to, and recovery against Defendant United States, if any, is limited to damages recoverable under, the Federal Tort Claims Act.

3. Plaintiffs are prohibited from claiming or recovering an amount against Defendant United States in excess of that set forth in the administrative claim Plaintiff presented to the United States Postal Service. *See* 28 U.S.C. § 2675(b).

4. Plaintiffs are not entitled to prejudgment interest or punitive damages in this action under the Federal Tort Claims Act. *See* 28 U.S.C. § 2674.

5. Plaintiffs are not entitled to recover attorney's fees under the Federal Tort Claims Act, and attorney's fees taken from any judgment or settlement amount shall not exceed 25 percent of that amount. 28 U.S.C. § 2678.

6. Plaintiffs are not entitled to a trial by jury against Defendant United States in this action under the Federal Tort Claims Act. 28 U.S.C. § 2402.

7. Plaintiffs' claims are barred and/or limited by any other defenses that may become apparent during discovery or at the time of trial.

8. Plaintiffs' claimed injuries, physical condition, and damages were not caused by the incident alleged in Plaintiffs' complaint and therefore Plaintiffs are not entitled to a judgment against Defendant United States for the same.

9. On the grounds and to the extent that plaintiffs are found to be more than 50% at fault, plaintiffs cannot recover damages and plaintiff's claim is barred. If plaintiffs are found to be 50% or less at fault, any damages found must be reduced accordingly.

10. The claim of R.R. was not exhausted, and his claim is barred by sovereign immunity in that R.R.'s claim was not presented to the United States Postal Service by a judicially appointed representative and Plaintiffs failed to provide any evidence to the United States Postal Service of any such judicial appointment. *See Pipes v. Kirksville Missouri Hospital Company, LLC*, No. 2:22-cv-00047-PLC (E.D. Mo. Dec. 21, 2022).

Dated: September 17, 2025

Respectfully submitted by,

THOMAS C. ALBUS
United States Attorney

*/s/ Regan Hildebrand*
REGAN HILDEBRAND
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
Phone: (314) 539-7703
Fax: (314) 539-2287
E-mail: Regan.Hildebrand@usdoj.gov
Bar No. 6326374 (IL)
Bar No. 57438 (MO)

Attorneys for Defendants

CERTIFICATE OF SERVICE

I certify that I served the foregoing document to all attorneys of record via the Court's CM/ECF electronic notification system on August 4, 2025.

*/s/ Regan Hildebrand*
REGAN HILDEBRAND
Assistant United States Attorney